NATIONAL AUTOMOTIVE TRADING
CORPORATION OF CHINA,
Plaintiff/Appellee,

v.

PIONEER TRADING COMPANY, INC.;
American Chrome Company, Inc.,
Defendants/Appellants,

David T.C. Hou; Cathy T.S. Hou,
also known as Cathy T.S.
Xu, Defendants.

PIONEER TRADING COMPANY, INC.;
American Chrome Company, Inc.,
Counter–Claimant/Appellants,

v.

NATIONAL AUTOMOTIVE TRADING
CORPORATION OF CHINA, Counter–
Defendant/Appellee.

No. 94–2794.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 11, 1995.

Decided Feb. 1, 1995.

Rehearing Denied March 13, 1995.

Brent I. Clark, Chicago, IL, argued (Kevin J. Narko, on the brief), for appellant.

Thomas Steven Darling, Minneapolis, MN, argued (Charles K. Maier, on the brief), for appellee.

Before WOLLMAN, Circuit Judge, HEANEY and BRIGHT, Senior Circuit Judges.

PER CURIAM.

Pioneer Trading Corporation and its distributor, American Chrome Company, appeal from the district court's[1] grant of summary judgment in favor of the National Automotive Trading Corporation of China ("NATC"). Pioneer and American Chrome assert that summary judgment was improper on NATC's breach of contract claim and their Lanham Act counterclaim, 15 U.S.C. § 1125(a), and that the district court erred in its calculation of damages. We affirm.

Pioneer and American Chrome are owned and operated by David and Cathy Hou.

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

American Chrome is a proper party to this suit because of its identity of corporate interest with Pioneer. Pioneer and American Chrome contracted with the China National Automotive Industry Import & Export Corp. ("CAIEC"), the parent corporation of NATC, to have CAIEC supply certain automotive parts. Payment was secured by Pioneer's execution of numerous sight drafts. Dissatisfied with the quality of the goods received, Pioneer refused to pay. The parties eventually entered into a written settlement agreement. During these settlement negotiations, NATC's predecessor in interest, another wholly owned subsidiary of CAIEC, and Pioneer were negotiating the possibility of a joint venture. The joint venture ultimately fell through and NATC, Pioneer, and CAIEC entered into two agreements that purported to settle their affairs. These agreements required Pioneer to pay CAIEC $146,000 and contemplated NATC's receipt of the inventory from Pioneer's warehouse. The total amount owed to NATC (who the parties contemplated could receive the proceeds because of its relationship with CAIEC) in cash and goods was set at $530,000.

 NATC received only a partial return of the goods, no money from the sight drafts, and no other payment on the settlement. The district court found that Pioneer breached the agreement through its non-performance. Pioneer claims that CAIEC initially breached the contract by improperly attempting to collect on the sight drafts. Presentation of the sight drafts, however, was a mere demand for payment that was refused by Pioneer and does not excuse Pioneer's performance. Nor does any right to set-off exist because the sight drafts were not part of the settlement agreement. Accordingly, we find no clear error in the district court's determination that damages should be the amount originally agreed to, less the invoice amount of the goods actually returned.

The district court also properly denied Pioneer and American Chrome's Lanham Act counterclaim because David Hou's conclusory supporting affidavit adduced insufficient evidence that NATC products generated any confusion or likelihood of confusion with those of Pioneer. *See Woodsmith*

*Publishing Co. v. Meredith Corp.,* 904 F.2d 1244, 1247 n. 5 (8th Cir.1990).

Agreeing with the district court that there are no genuine issues of material fact, and finding that further discussion would be of no precedential value, we affirm on the basis of the district court's memorandum opinion. *See* 8th Cir.R. 47B.